# EXHIBIT O

From: **Martin Schwimmer** Martin.Schwimmer@iamstobbs.com 📎
Subject: Adafruit / Defy Gravity dba Flux
Date: May 26, 2026 at 3:07 PM
To: Jon Lenzner jlenzner@fenwick.com



Mr. Lenzner:

I am seeking clarification on some issues in your letter of May 22. You indicate that you have reviewed the correspondence between Adafruit and Flux and Flux' representative, Firebrand, between March 1 and March 27, and on May 22 (the "Emails"), as well as "other information" in Flux's possession.

In numbered request five on page two of your letter, you request that Adafruit not "share ***further***" what you contend are false statements (emphasis added). First, the Emails represent the entirety of Adafruit's discussion of this matter with anyone, including your client. Representatives of your client pitched Adafruit to write a blog post on Flux on in 2023 as well but Adafruit did not respond to those directly. Accordingly, there has been no "sharing" of any information in the Emails by Adafruit to any third party (excepting its communications with my office). Second, using defamation terminology, there has been no publication of any kind by Adafruit of any information pertaining to the Emails, to third parties. The Emails don't reflect sharing or publication.

If you or your client are aware of sharing and/or publication of information or statements by Adafruit, please advise.

Second, with regard to your contentions relating to the security disclosure attached to Mr. Torrone's email to your client of May 22, it is my understanding that the Department of Justice announced a policy in 2022 (updated in 2025) that it will not charge cases under the CFAA involving good-faith security research. See https://www.justice.gov/archives/opa/pr/department-justice-announces-new-policy-charging-cases-under-computer-fraud-and-abuse-act .

Furthermore, your client's FAQs on its website at Data security and IP protection - Flux - Documentation allows the reporting of security issues (excerpt attached for your reference). As is documented in its disclosure to Flux, Adafruit complied with the standard protocol for disclosing security issues, in all key respects. Adafruit investigated the security and user experience of the website as both a reviewer and a registered customer of Flux' product. Such customer investigations are envisioned by the Flux FAQ. Adafruit reported its findings solely to Flux and provided the information necessary to allow Flux to reproduce Adafruit's findings. Adafruit did not obtain, and therefore could not retain, data from the three documents in the test (which documents were identified in the disclosure). Finally, Adafruit very explicitly noted that there was no request made to Flux tied to the disclosure.

If you have reason to believe that Mr. Torrone's disclosure is not in conformity with that envisioned by the DoJ  (or by Flux when it drafted its FAQ), please provide documentation supporting your view.

This email does not speak to any of the legal and factual contentions contained in your May 22 letter except those specifically discussed herein.

After my initial review of this matter, I would like to believe that the parties can come to some sort of reasonable understanding – however the parties have to work from the (approximately) same set of facts to achieve that.

This is without prejudice to the rights and remedies of Adafruit, all of which are expressly reserved.

Martin Schwimmer


**Martin Schwimmer**
IA Director and Founding Partner US – Stobbs

Martin.Schwimmer@iamstobbs.com
www.iamstobbs.com

    

CONFIDENTIALITY NOTICE - This email is a communication between a law office and a particular individual or entity. It may contain confidential or privileged information. If you are not the intended recipient, please immediately contact the law offices of Stobbs at 704-702-6007 to notify the form of the error and to confirm that all electronic and hard copies of the communication have been destroyed.

