# EXHIBIT Q

**From:** **Jon Lenzner** JLenzner@fenwick.com
**Subject:** RE: Adafruit / Defy Gravity dba Flux
**Date:** May 28, 2026 at 10:08 AM
**To:** Martin Schwimmer Martin.Schwimmer@iamstobbs.com

JL

Mr. Schwimmer:

The facts are clear that Mr. Torrone transmitted false and defamatory statements about our client to third parties, including to an investor. His defamatory statements include false accusations of fraud, dishonesty and unethical business conduct and also numerous inaccurate statements about our client's products, operations and customers, among other areas. Accordingly, please confirm that your clients have not and will not publish nor share further any of these false statements and accusations.

In our letter to you, we explained why Mr. Torrone violated the CFAA. Your reference to the DOJ policy directing prosecutors to consider not charging certain conduct involving genuine, good-faith security research under the CFAA is simply not relevant. That policy is an exercise of prosecutorial discretion in charging decisions, and it does not change the lawfulness of the conduct under investigation. Indeed, it explicitly states that claiming to conduct security research is not a free pass for those acting in bad faith. Moreover, it does not change what is unlawful conduct under the CFAA. Likewise, the policy does not affect the provisions in 18 U.S.C. § 1030(g), which authorize civil suits and equitable relief for violation of the CFAA.

In any event, we do not agree that Mr. Torrone was acting as a *good-faith security researcher,* and his access to and any exfiltration of data from our client's network was not authorized by our client's FAQs or in any other manner. The totality of Mr. Torrone's conduct here does not suggest that it was solely for the purpose of good faith testing carried out in a manner to avoid any harm to the company.

With all of that in mind, we are open to *quickly* reaching a reasonable understanding in order to resolve this matter. However, a necessary step toward that resolution is receiving your clients' assurances on how they have handled Flux's information, as enumerated in the five demands contained in our May 22 letter. As I am sure you can understand, we are appropriately concerned that a blogger who was recently seeking to publish a piece about Flux (and falsely accused our client of dishonesty and running a "grift", among other false statements) has now gained unauthorized access to our client's systems. Therefore, your timely provision of the information and assurances is imperative if we are to move from a path of confrontation to a path toward resolution.

Respectfully,

Jon

**Jon Lenzner**
Fenwick | Partner | +1 202-970-3023 | JLenzner@fenwick.com

**From:** Martin Schwimmer <Martin.Schwimmer@iamstobbs.com>
**Sent:** Tuesday, May 26, 2026 6:07 PM
**To:** Jon Lenzner <JLenzner@fenwick.com>
**Subject:** Adafruit / Defy Gravity dba Flux

**** EXTERNAL EMAIL ****

Mr. Lenzner:

I am seeking clarification on some issues in your letter of May 22. You indicate that you have reviewed the correspondence between Adafruit and Flux and Flux' representative, Firebrand, between March 1 and March 27, and on May 22 (the "Emails"), as well as "other information" in Flux's possession.

In numbered request five on page two of your letter, you request that Adafruit not "share ***further***" what you contend are false statements (emphasis added). First, the Emails represent the entirety of Adafruit's discussion of this matter with anyone, including your client. Representatives of your client pitched Adafruit to write a blog post on Flux on in 2023 as well but Adafruit did not respond to those directly. Accordingly, there has been no "sharing" of any information in the Emails by Adafruit to any third party (excepting its communications with my office). Second, using defamation terminology, there has been no publication of any kind by Adafruit of any information pertaining to the Emails, to third parties. The Emails don't reflect sharing or publication.

If you or your client are aware of sharing and/or publication of information or statements by Adafruit, please advise.

Second, with regard to your contentions relating to the security disclosure attached to Mr. Torrone's email to your client of May 22, it is my understanding that the Department of Justice announced a policy in 2022 (updated in 2025) that it will not charge cases under the CFAA involving good-faith security research. See https://www.justice.gov/archives/opa/pr/department-justice-announces-new-policy-charging-cases-under-computer-fraud-and-abuse-act .

Furthermore, your client's FAQs on its website at Data security and IP protection - Flux - Documentation allows the reporting of security issues (excerpt attached for your reference). As is documented in its disclosure to Flux, Adafruit complied with the standard protocol for disclosing security issues, in all key respects. Adafruit investigated the security and user experience of the website as both a reviewer and a registered customer of Flux' product. Such customer investigations are envisioned by the Flux FAQ. Adafruit reported its findings solely to Flux and provided the information necessary to allow Flux to reproduce Adafruit's findings. Adafruit did not obtain, and therefore could not retain, data from the three documents in the test

obtain, and therefore could not retain, data from the three documents in the test (which documents were identified in the disclosure). Finally, Adafruit very explicitly noted that there was no request made to Flux tied to the disclosure.

If you have reason to believe that Mr. Torrone's disclosure is not in conformity with that envisioned by the DoJ (or by Flux when it drafted its FAQ), please provide documentation supporting your view.

This email does not speak to any of the legal and factual contentions contained in your May 22 letter except those specifically discussed herein.

After my initial review of this matter, I would like to believe that the parties can come to some sort of reasonable understanding – however the parties have to work from the (approximately) same set of facts to achieve that.

This is without prejudice to the rights and remedies of Adafruit, all of which are expressly reserved.

Martin Schwimmer

**Martin Schwimmer**
IA Director and Founding Partner US – Stobbs

Martin.Schwimmer@iamstobbs.com
www.iamstobbs.com

stobbs Intangible Asset Management

CONFIDENTIALITY NOTICE - This email is a communication between a law office and a particular individual or entity. It may contain confidential or privileged information. If you are not the intended recipient, please immediately contact the law offices of Stobbs at 704-702-6007 to notify the form of the error and to confirm that all electronic and hard copies of the communication have been destroyed.

CONFIDENTIALITY NOTICE: This email and its attachments contain information that may be confidential and/or privileged. If you are not the intended recipient you may not copy, disclose or use the contents of this email. If you believe that you have received this email in error, notify the sender or contact Fenwick & West LLP at (650) 988-8500 and then delete or destroy any copy of this email and its attachments.